# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

FRANK NALI,

       Plaintiff,

                              Case No. 10-10837

v.                               Hon. Gerald E. Rosen

STATE OF MICHIGAN, *et al.,*

       Defendants.

_____/

## OPINION AND ORDER OF
## DISMISSAL UNDER 28 U.S.C. § 1915(e)(2)(B)

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on _____ May 13, 2010 _____

PRESENT:  Honorable Gerald E. Rosen
                  Chief Judge, United States District Court

In his *pro se* complaint in this case, Plaintiff Frank Nali has asserted federal claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.,* and under 42 U.S.C. § 1983, as well as more generalized federal constitutional claims that Defendants violated his right to equal protection under the Fourteenth Amendment and his right to engage in interstate commerce. Each of these claims rests upon the same factual predicate — namely, an alleged denial of Plaintiff's Medicaid claim for prescription eyeglasses. Accompanying Plaintiff's complaint was an application to proceed *in forma pauperis,* which the Court has now granted. Having reviewed the allegations of Plaintiff's now-filed complaint, the Court finds that this suit must be

dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

In Count I of his complaint, Plaintiff evidently appeals to Title II of the ADA, which provides in relevant part that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity." 42 U.S.C. § 12132. Plaintiff apparently alleges that Defendants — the State of Michigan, a county agency, and a private health care insurer — violated this provision by denying his claim for prescription eyeglasses, thereby restricting his ability to gain access to and enjoy those public services and activities that require adequate vision (*e.g.,* driving). Yet, to state a viable claim under the ADA, Plaintiff must allege that he suffers from a "disability" within the meaning of this federal statute. *See* 42 U.S.C. § 12102(1). The Supreme Court has held that this term does not encompass impairments that are "mitigated by corrective measures" such as glasses or contact lenses. *Sutton v. United Air Lines, Inc.,* 527 U.S. 471, 487-89, 119 S. Ct. 2139, 2149 (1999).[1] Because the only "disability" arguably

---

[1]Congress recently amended the ADA to overturn certain aspects of the Supreme Court's rulings in *Sutton* and other ADA decisions. *See* Pub. L. No. 110-325. Following these amendments, the determination whether an individual is "disabled" within the meaning of the ADA ordinarily is to be made "without regard to the ameliorative effects of mitigating measures." 42 U.S.C. § 12102(4)(E)(i). Yet, even under these amendments, a determination of "disability" still must consider "[t]he ameliorative effects of the mitigating measures of ordinary eyeglasses or contact lenses." 42 U.S.C. § 12102(4)(E)(ii). Thus, the specific aspect of *Sutton* that is relevant here — *i.e.,* its ruling that the ADA's definition of a "disability" does not encompass vision impairments that are correctable with ordinary eyeglasses or contact lenses — remains an accurate statement of the law. *See Verhoff v. Time Warner Cable, Inc.,* No. 07-4265, 299 F. App'x 488, 494 n.5 (6th Cir. Oct. 24, 2008).

identified in Plaintiff's complaint is a vision impairment that allegedly is correctable with ordinary eyeglasses, Plaintiff has failed to state a viable claim for relief under the ADA.[2]

Next, in Count II of his complaint, Plaintiff asserts a claim under 42 U.S.C. § 1983, alleging that the denial of his claim for prescription eyeglasses violated his purported "right to be free from the unnecessary risk of injury to himself and others" as he engages in activities that require good vision — for example, "driving to places unfamiliar to him" or reading the "fine print[] on important documents." (Complaint at ¶¶ 12-14.) To state a claim under § 1983, a plaintiff must allege the violation of a right conferred under the Constitution or a federal statute. *See Blessing v. Freestone,* 520 U.S. 329, 340, 117 S. Ct. 1353, 1359 (1997). Plaintiff has not identified any constitutional provision or federal statute (and neither is the Court aware of any) that confers the right posited in his complaint — namely, a right to corrected vision so that Plaintiff may engage in activities (such as driving) that would otherwise pose an "unnecessary risk of injury." Indeed, such a right, if recognized under federal law and deemed enforceable against the States through the vehicle of a § 1983 suit, would essentially impose upon the States a mandate to provide eyeglasses on demand — as well as, presumably, any other corrective devices needed for safe driving. Needless to say, nothing in the law supports

_____

[2]In light of this conclusion, the Court need not decide whether Plaintiff's claim under Title II of the ADA might be defeated, in whole or in part, by the Eleventh Amendment immunity enjoyed by the State of Michigan and state entities. *See Mingus v. Butler,* 591 F.3d 474, 481-83 (6th Cir. 2010) (describing and applying the elements of an Eleventh Amendment immunity defense to a claim brought under Title II of the ADA).

such a sweeping federal mandate. Accordingly, this claim is subject to dismissal.[3]

Next, in Count III, Plaintiff alleges that Defendants have violated his "constitutional right to engage in interstate commerce" by failing to provide him with the eyeglasses he needs to "drive to places unfamiliar" to him and engage in such commerce. (Complaint at ¶¶ 17-18.) Once again, however, the Court is unaware of any such right bestowed under the Constitution or federal law. To be sure, the Commerce Clause of the Constitution, U.S. Const. art. I, § 8, cl. 3, protects against "differential treatment [by a State] of in-state and out-of-state economic interests that benefits the former and burdens the latter." *Oregon Waste Systems, Inc. v. Department of Environmental Quality of State of Oregon,* 511 U.S. 93, 99, 114 S. Ct. 1345, 1350 (1994). Yet, Plaintiff does not allege that the State of Michigan is treating in-state and out-of-state residents differently with

---

[3]As noted earlier, Plaintiff evidently made his claim for prescription eyeglasses under the auspices of Medicaid, a program arising under federal law. *See Westside Mothers v. Olszewski,* 454 F.3d 532, 535 (6th Cir. 2006) (describing the origin and scope of the Medicaid program). At least some Medicaid provisions have been deemed by the courts to confer federal rights enforceable under § 1983. *See Westside Mothers,* 454 F.3d at 542-44 (surveying cases, and finding that one Medicaid provision conferred a federal right enforceable under § 1983 while another did not). Yet, even under a liberal reading of the allegations made by the *pro se* Plaintiff, there is no indication in this case that the denial of Plaintiff's claim for prescription eyeglasses ran afoul of any Medicaid provision or regulation, much less one that might be deemed enforceable under § 1983. Thus, this case presents no occasion for canvassing the various Medicaid provisions and regulations bearing upon vision services to determine whether any of them might confer federal rights that could sustain a § 1983 claim.

It also is worth noting that, to the extent Plaintiff believes he has been denied vision benefits to which he is entitled under the Medicaid program, the State of Michigan has provided an avenue of administrative appeal for dissatisfied Medicaid claimants, as well as a right of appeal to the appropriate Michigan circuit court following the claimant's exhaustion of his administrative remedies. There is no indication in the complaint that Plaintiff has pursued any such available avenues for challenging the denial of his Medicaid claim.

regard to Medicaid vision services, much less that he (as a Michigan resident) is being treated less favorably than his out-of-state counterparts. Alternatively, to the extent that Plaintiff means to appeal to his federal constitutional "right to travel," *Dunn v. Blumstein,* 405 U.S. 330, 338, 92 S. Ct. 995, 1001 (1972), this right does not impose upon the States an affirmative obligation to provide whatever corrective measures or devices are necessary to enable each of its citizens to drive across state lines. Accordingly, this claim, too, is subject to dismissal.

Finally, in Count IV, Plaintiff alleges that Defendants have violated his right to equal protection of the laws as guaranteed under the Fourteenth Amendment. In support of this claim, Plaintiff alleges that his claim for prescription eyeglasses was denied, while the claims of others who suffer from underlying eye disease have been granted. Plaintiff, however, has not alleged that he was subject to discriminatory treatment because of his membership in a class that enjoys protected status under the Fourteenth Amendment. *See Herron v. Harrison,* 203 F.3d 410, 417 (6th Cir. 2000). Neither does the complaint provide a basis for concluding that Plaintiff qualifies as a "class of one" who was "intentionally treated differently from others similarly situated" with no "rational basis for the difference in treatment." *Village of Willowbrook v. Olech,* 528 U.S. 562, 564, 120 S. Ct. 1073, 1074 (2000). Rather, it is hardly irrational for a State to focus its limited resources and funds upon those suffering from eye disease, and a State does not thereby incur a sweeping obligation to provide corrective measures and devices to all whose vision is impaired in any way. Consequently, this claim, like the other claims asserted in

Plaintiff's complaint, must be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

Before leaving this matter, the Court observes that Plaintiff has previously filed over 20 cases in this District, and that at least some of these prior suits, like the present one, have been dismissed at their inception for failure to state a claim. *See, e.g., Nali v. Harris,* No. 05-70077 (summary dismissal by order dated February 17, 2005); *Nali v. Jackson,* No. 00-75403 (summary dismissal by order dated December 21, 2000). It is fair to say, then, that Plaintiff has exhibited a tendency to commence federal lawsuits without first considering whether his claims are viable and can survive the threshold scrutiny called for under 28 U.S.C. § 1915(e)(2)(B).[4] Under these circumstances, the Court expressly cautions Plaintiff that any cases he might file in the future will be carefully reviewed to ensure that they are brought in good faith and that the claims he asserts are well founded. Future submissions that fail to meet these standards will result in the imposition of sanctions, as well as the entry of an injunction barring Plaintiff from filing any further complaints or papers without first securing leave of the Court.

Accordingly, for these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that this case is DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be

---

[4]Even in those cases that were not summarily dismissed at their inception, the outcome in nearly every suit brought by Plaintiff has been either a dismissal on the pleadings or an award of summary judgment against him, with these adverse rulings uniformly affirmed on appeal.

granted.  In light of this ruling, IT IS FURTHER ORDERED that Plaintiff's March 2,

2010 motion for the Government to provide and serve copies of the complaint (docket #4)

and his March 2, 2010 application for appointment of counsel (docket #3) are DENIED

AS MOOT.


                    s/Gerald E. Rosen
                    Chief Judge, United States District Court

Dated:  May 13, 2010

I hereby certify that a copy of the foregoing document was served upon Frank Nali, 484
Allard Road, Grosse Pointe Farms, MI 48236 on May 13, 2010, by ordinary mail.

                    s/Ruth A. Gunther
                    Case Manager